CREITZ & SEREBIN LLP
Joseph A. Creitz, CBN 169552
joe@creitzserebin.com
Lisa S. Serebin, CBN 146312
lisa@creitzserebin.com
250 Montgomery Street, Suite 1400
San Francisco, CA 94104
415.466.3090 (tel)
415.513.4475 (fax)

COHEN MILSTEIN SELLERS & TOLL PLLC
R. Joseph Barton, Cal. Bar. No. 212340
jbarton@cohenmilstein.com
Kira L. Hettinger, Cal. Bar. No. 435131
khettinger@cohenmilstein.com
1100 New York Ave. NW
Suite 500, East Tower
Washington, DC 20005
(202) 408-4600 (tel)
(202) 408-4699 (fax)

Attorneys for Plaintiff Jesse Ortega

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| JESSE ORTEGA, an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>RAINBOW DISPOSAL CO. INC., a corporation; JEFF SNOW, GERALD MOFFATT, and JOHN DOE, Individuals, in their capacities as ERISA fiduciary members of the Rainbow Disposal Co. Inc. Employee Stock Ownership Plan Committee,<br>　　　　　Defendants. | Case No.: 15-CV-669<br><br>COMPLAINT FOR, *inter alia*, VIOLATIONS OF ERISA; COPYRIGHT INFRINGEMENT; BREACH OF ORAL AGREEMENTS; PROMISSORY ESTOPPEL; QUANTUM MERUIT; and MALICIOUS PROSECUTION and ***JURY DEMAND*** |

*ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                              1
1990466.1

Now comes the Plaintiff, JESSE ORTEGA, who alleges as follows:

## JURISDICTION

1.      This Court has jurisdiction based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). This Court also has jurisdiction based on 28 U.S.C. § 1338(a) (Copyright). In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States. Pursuant to ERISA § 502(h), a copy of this Complaint will be served upon the United States Secretary of Labor, and the United States Secretary of the Treasury.

## VENUE

2.      Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is the subject of Plaintiff's claims is administered in this District and the breaches and acts described below occurred within the territorial limits of this District and defendants may be found within the territorial limits of this District.

## PARTIES

3.      JESSE ORTEGA (hereinafter "ORTEGA" and/or "Plaintiff") is, and at all times mentioned herein was, a participant, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in Rainbow Disposal Co. Inc. Employee Stock Ownership Plan, an ERISA-regulated employee benefit plan. Plaintiff at all times relevant hereto was, a resident of Santa Ana, Orange County, California. Plaintiff currently resides in Huntington Beach, Orange County, California.

4.      Defendant RAINBOW DISPOSAL CO. INC. (hereinafter "RAINBOW") is a California Corporation with its principal place of business in

1   Santa Ana, Orange County, California. RAINBOW is the plan sponsor of the
2   Rainbow Disposal Co. Inc. Employee Stock Ownership Plan within the meaning
3   of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). RAINBOW is sued herein both in its
4   corporate capacity and in its capacity as sponsor of the Rainbow Disposal Co.
5   Inc. Employee Stock Ownership Plan (the "ESOP").

6          5.     Defendant JEFF SNOW was, at the time of JESSE ORTEGA's discharge, a
7   member of the Rainbow Disposal Co., Inc. Employee Stock Ownership Plan
8   Committee (the "ESOP Committee"). At the time of JESSE ORTEGA's discharge, the
9   ESOP Committee was the plan administrator, as defined in ERISA § 3(16)(A), 29
10  U.S.C § 1002(16)(A). As such, the Committee and each of its members were a
11  fiduciary of the Rainbow ESOP within the meaning of ERISA § 3(21), 29 U.S.C §
12  1002(21), in that the Committee and each of its members had discretionary
13  authority or discretionary responsibility in the administration of the Plan.

14         6.     Defendant GERALD MOFFATT was, at the time of JESSE ORTEGA's
15  discharge, a member of the ESOP Committee. As such, GERALD MOFFATT was a
16  fiduciary of the Rainbow ESOP within the meaning of ERISA § 3(21), 29 U.S.C §
17  1002(21), in that he had discretionary authority or discretionary responsibility in
18  the administration of the Plan.

19         7.     Defendant JOHN DOE is another individual member of the ESOP
20  Committee, who was a member of the ESOP Committee at the time of JESSE ORTEGA's
21  discharge, whose identity is unknown to Plaintiff. As such, JOHN DOE 1, was a
22  fiduciary of the Rainbow ESOP within the meaning of ERISA § 3(21), 29 U.S.C.
23  § 1002(21), in that he or she had discretionary authority or discretionary responsibility
24  in the administration of the Plan.

25         8.     JEFF SNOW, GERALD MOFFATT, and JOHN DOE are collectively
26  known as the "ESOP Committee Defendants."

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
    COMPLAINT                              3
    1990466.1

1

## RELEVANT NON-PARTY

2    9.    Rainbow Disposal Co., Inc. Employee Stock Ownership Plan is an

3  "employee pension benefit plan" within the meaning of ERISA § 3(2)(A), 29

4  U.S.C. § 1002(2)(A) ("the RAINBOW ESOP"). Upon information and belief, the

5  Plan is administered in Santa Ana California. The RAINBOW ESOP purports to

6  be a "defined contribution plan" within the meaning of ERISA § 3(34), 29 U.S.C.

7  § 1002(34) and an employee stock ownership plan ("ESOP") under ERISA §

8  407(d)(6) that was intended to meet the requirements of Section 4975(e)(7) of the

9  Internal Revenue Code (the "Code") and IRS Regulations § 54.4975-11. The

10  written instrument, within the meaning of ERISA § 402, 29 U.S.C. § 1102,

11  pursuant to which the Plan is maintained is the Rainbow Disposal Co., Inc

12  Employee Ownership Plan (the "Plan Document"), as amended and restated

13  effective as of July 1, 2004. The RAINBOW ESOP has been amended several

14  times since July 1, 2004, including by Amendment No. 5 on October 1, 2014. The

15  RAINBOW ESOP has not been restated since July 1, 2014.

16

## FACTUAL ALLEGATIONS

17    10.    RAINBOW is one of the largest Southern California waste disposal

18  and recycling companies. Plaintiff JESSE ORTEGA was a non-bargaining-unit

19  employee of RAINBOW.

20
21  **Mr. Ortega Developed A Comprehensive Operations Management Database for Rainbow**

22    11.    During his employment, Plaintiff's superiors learned that Mr.

23  ORTEGA possessed substantial skills as a computer coder. RAINBOW, at that

24  time, lacked an integrated database for its computer systems that would allow

25  inter-departmental communication and operational data analysis. Two of

26  RAINBOW's executive officers, Executive Vice President Mike Grumbo and Vice

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                                4
1990466.1

1    President of Operations Walter Palencia, met with Mr. ORTEGA and verbally

2    offered to pay Mr. ORTEGA, separate and apart from his employment, if he

3    would create a database system that would allow RAINBOW's existing

4    computer systems to communicate with one another and allow RAINBOW's

5    executives to generate inter-departmental and multi-departmental reports and

6    analyses. In consideration of their promise, Mr. ORTEGA devoted approximately

7    five hundred (500) hours of his own time on evenings and weekends, using his

8    own computers, software, equipment and premises, to generate a custom

9    database code (the "Code") that would provide the functionality that RAINBOW

10   needed but lacked.

11          12.    In approximately October 2013, ORTEGA delivered the finished

12   Code to Rainbow. At that time, the same RAINBOW executive officers told Mr.

13   ORTEGA that if he installed the Code and RAINBOW used it for one year, they

14   would also then compensate him for the Code itself, in addition to compensating

15   Mr. ORTEGA for the 500 hours he worked developing the Code.

16          13.    Effective January 6, 2015, The United States Registrar of Copyrights

17   issued and awarded a copyright registration for the Code to Mr. ORTEGA,

18   Copyright Registration Number TXu-1919-495. Mr. ORTEGA subsequently

19   requested in writing that RAINBOW cease and desist all infringement of his

20   copyright. RAINBOW refused.

21          **The Proposed Sale of the Rainbow ESOP's Shares**

22          14.    At the time that Mr. ORTEGA was employed by RAINBOW, all of

23   Rainbow's outstanding stock was owned by the Rainbow ESOP. RAINBOW's

24   employees were participants and beneficiaries in the RAINBOW ESOP. Title to

25   the shares was held in the name of the Rainbow ESOP, managed and held in

26   trust by the fiduciaries of the RAINBOW ESOP. The RAINBOW ESOP

27

28   *ORTEGA v. RAINBOW, 15-CV-669*
     COMPLAINT                                5
     1990466.1

1  COMMITTEE was responsible for managing the assets of the RAINBOW ESOP.

2  As a result, the employees were effectively the owners of RAINBOW.

3       15.    In the early Summer of 2014, RAINBOW employees began to hear

4  rumors that the ESOP was being sold.

5       16.    Many of RAINBOW's employees were concerned about a sale as

6  they had been Rainbow employees for decades, they had been told that the

7  employees were the owners of the company, and their participation in the

8  RAINBOW ESOP constituted a significant portion of their retirement assets and

9  their assets generally.

10      17.    As a result, many of the participants, including Mr. ORTEGA,

11  sought information about the sale, the Rainbow ESOP, and Rainbow during the

12  summer of 2014. Many of the RAINBOW employees were unsatisfied with the

13  amount of information that RAINBOW was providing to its employees about the

14  terms, timing, and procedure of the sale. Mr. ORTEGA was assisting his fellow

15  workers who were participants and beneficiaries in the ESOP -- many of whom

16  predominantly spoke Spanish, some of whom had minimal command of English,

17  and many of whom did not have higher-level educations -- in their efforts to

18  obtain information about the sale and to discuss the terms of the sale with

19  RAINBOW's management. Mr. ORTEGA and a number of the other employees

20  made multiple written requests to the ESOP's Plan Administrator for documents

21  and information that ERISA requires be provided upon request. MR. ORTEGA

22  and RAINBOW employees also requested or attended meetings with the

23  RAINBOW ESOP COMMITTEE, the Trustee of the RAINBOW ESOP, and/or the

24  Board of Directors of RAINBOW (all of which were fiduciaries of the RAINBOW

25  ESOP).

26

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                              6

1    18.    On September 6, 2014, MR. ORTEGA learned that RAINBOW had

2 been sold.

3    19.    In protest of the circumstances of the sale, and to underscore the

4 seriousness of their requests for information and dissatisfaction with

5 RAINBOW's responses to those requests, a large group of both bargaining unit

6 (*i.e.*, union) employees and non-bargaining unit (*i.e.*, non-union) employees,

7 including Mr. ORTEGA, decided to undertake a "sick out" (effectively a one-day

8 strike) on September 8, 2014.

9    20.    Upon information and belief, RAINBOW's management and the

10 RAINBOW ESOP COMMITTEE DEFENDANTS, including DEFENDANT

11 MOFFATT, were under the impression that Mr. ORTEGA was a principal

12 instigator and organizer of the sick out.

13    **Rainbow & Moffatt Retaliated Against Mr. Ortega**

14    21.    On September 9, 2014, Defendant MOFFATT informed Mr.

15 ORTEGA that both he and his brother Chris Ortega were suspended. Mr.

16 ORTEGA asked for the return of his Code at that time, and Defendant MOFFATT

17 refused.

18    22.    On or about September 12, 2014, Defendant RAINBOW through its

19 attorney Will Bollard, filed two simultaneous civil proceedings in Santa Ana

20 Superior Court, case numbers 30-2014-744700, and 30-2014-744704, against JESSE

21 ORTEGA and his brother Chris Ortega, respectively. Both of the actions were

22 Petitions for Workplace Violence Restraining Orders filed on California Judicial

23 Counsel Forms WV-100, and alleged that the brothers had engaged in acts or

24 threats of violence and posed a threat of ongoing physical violence to

25 RAINBOW's employees. RAINBOW DISPOSAL CO. INC. was the nominal

26 "Petitioner" in both actions.

27

28 *ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                              7
1990466.1

23.     The Superior Court declined to issue temporary restraining orders in either action. Both Petitions were ultimately set for hearing on October 24, 2014.

24.     The gravamen of both petitions was that JESSE ORTEGA had driven his truck, in which Chris Ortega had been a passenger, in a dangerous manner on company property, and had subsequently acted insubordinately towards Defendant MOFFATT. The allegations in the Petitions were false.

25.     In the interim, between the filing of the petitions and the hearing on October 24, 2014, RAINBOW reinstated Chris Ortega, a union employee, to his prior position working alongside the co-worker who had, allegedly, felt so threatened that RAINBOW needed to seek a restraining order against Chris Ortega on the employee's behalf. On September 30, 2014, RAINBOW terminated Plaintiff JESSE ORTEGA's employment.

26.     JESSE ORTEGA engaged counsel to represent him in responding to the Petition and preparing for and appearing at the hearing, at an expense of $7,000.

27.     When the matter came on for hearing on October 24, 2014, Defendant RAINBOW, through its counsel BOLLARD, accompanied by RAINBOW CEO Jerry Moffatt appeared for the Petitioner, RAINBOW. Before any evidence was taken, RAINBOW voluntarily withdrew and dismissed action 30-2014-744704 against Chris Ortega.

28.     On behalf of RAINBOW, Defendant BOLLARD made an offer of proof and introduced several additional declarations of RAINBOW employees purporting to substantiate the allegations of threatening behavior leveled against JESSE ORTEGA. California Superior Court Judge Timothy Stafford ruled from the bench that RAINBOW had failed even to make a *prima facie* case, and dismissed RAINBOW's petition.

29.     RAINBOW also subsequently challenged JESSE ORTEGA's application for California unemployment insurance benefits alleging that he had driven his truck erratically on company property and been insubordinate to Defendant MOFFATT (the same allegations that RAINBOW had leveled in support of the Workplace Violence Restraining Order Petitions). Administrative Law Judge R. Garrett at the Orange County Office of the California Unemployment Insurance Appeals Board found that RAINBOW had offered no competent evidence to substantiate those allegations and awarded Mr. ORTEGA his unemployment benefits.

30.     Both before and after the hearing on RAINBOW's Petitions, numerous RAINBOW employees informed JESSE ORTEGA that they had been pressured by RAINBOW to give false testimony against JESSE ORTEGA.

### Amendment of the Rainbow ESOP & Sale of Rainbow

31.     On October 1, 2014, the ESOP Administrative Committee adopted an amendment by which, the accounts of all non-vested participants in the RAINBOW ESOP, including Mr. ORTEGA's, would be vested as of July 1, 2014 effective October 1, 2014. This amendment was required to comply with Internal Revenue Code § 411 and was one for the Rainbow ESOP to be a tax-qualified plan under the IRC.

32.     Specifically, Amendment No. 5 to the ESOP amended Article 10 of the ESOP Plan Document by providing that "each Participant who, as of July 1, 2014, had not then received a complete distribution of his vested interest in his Accounts or a deemed distribution pursuant to Section 10(b) shall have a 100% vested and nonforfeitable interest in his Accounts regardless of his actual Years of Service."

33.     The ESOP Plan Document defines a Participant as "[a]ny Employee or former Employee who has met the applicable eligibility requirements of Section 3(a) and who has not yet received a complete distribution of his Capital Accumulation.

34.     As of July 1, 2014, Mr. ORTEGA was a Participant of the ESOP. As a result of Amendment No. 5, Mr. ORTEGA's shares should have vested on July 1, 2014.

35.     Contrary to the explicit provisions of Amendment No. 5, the ESOP Committee Defendants failed to treat Mr. ORTEGA's shares as vested and has failed to distribute his ESOP shares, as was done for other vested participants.

36.     After RAINBOW terminated Mr. ORTEGA, the ESOP COMMITTEE DEFENDANTS refused to recognize that on September 30, 2014, Mr. ORTEGA's account in the RAINBOW ESOP had vested as of July 1, 2014 – despite his termination of employment.

37.     On October 1, 2014, the sale RAINBOW to Republic Services, Inc., through the sale of all of the ESOP's stock, was finalized. On October 17, 2014, the ESOP Committee informed ESOP Participants that they would receive the cash proceeds from the sale of their stock beginning in 2015, subject to certain hold back amounts.

38.     Beginning in early 2015, ESOP Participants began receiving checks that provided them with some of the proceeds from the sale of their stock.

39.     As a result of the sale of the RAINBOW stock held by the RAINBOW ESOP and the failure of the ESOP COMMITTEE DEFENDANTS, as the Plan Administrator, to properly recognize that Mr. ORTEGA's account had been vested, his account was liquidated and his shares treated as forfeited. As a result of the ESOP COMMITTEE DEFENDANTS' breaches of their fiduciary

1   duties, there is no balance in Mr. ORTEGA's account and Mr. ORTEGA has not

2   received a distribution from the RAINBOW ESOP, as have other participants.

3          40.    Although Mr. ORTEGA was a fully vested Participant of the ESOP

4   as a result of Amendment No. 5, the ESOP COMMITTEE DEFENDANTS failed

5   to inform him that his stock in his ESOP account had been sold to Republic

6   Services, failed to provide him with any required disclosures regarding the sale,

7   and failed to distribute to him any of the proceeds from the sale of his stock, or

8   otherwise distribute his account.

9          41.    Even though the stock held by the RAINBOW ESOP has been sold,

10  the RAINBOW ESOP, has not yet, to date been terminated. On November 21,

11  2014, the fiduciaries of the RAINBOW ESOP submitted to the IRS an

12  "Application for Determination for Terminating Plan." This application is used

13  to request a letter from the IRS that provides the status of a plan's tax qualified

14  status, upon termination. Upon information and belief, to date the IRS has not

15  yet granted that request.

16          **Retaliatory Adverse Actions Taken Against Mr. Ortega**

17          42.    Upon information and belief, Defendant MOFFATT terminated or

18  caused RAINBOW to terminate Mr. ORTEGA's employment and prosecute a

19  civil restraining order lawsuit to retaliate against him for attempting to

20  determine whether the ESOP Committee members had fulfilled their fiduciary

21  duties in connection with the administration of the RAINBOW ESOP and the sale

22  of the RAINBOW ESOP's shares. Additionally, Defendant MOFFATT terminated

23  Mr. ORTEGA in an ineffective and misguided attempt to prevent his shares from

24  vesting under the Plan.

25          43.    Upon information and belief, Mr. Ortega's suspension, termination,

26  and the ESOP COMMITTEE DEFEDANTS' refusal to honor his vested ESOP

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
    COMPLAINT                                11
    1990466.1

shares, were implemented to punish Plaintiff for his perceived role as a leader of the sick out, the purpose of which had been to punctuate all of the employees' need for more information about the ESOP and its sale.

44.    As a result of the above-referenced allegations and the reckless and outrageous actions taken and leveled against Plaintiff by defendants RAINBOW and BOLLARD, Plaintiff has suffered serious and severe emotional distress.

### FIRST CAUSE OF ACTION
**Unlawful Interference with the Attainment of ERISA Protected Rights, pursuant to ERISA §§ 502(a)(3) and 510, 29 U.S.C. §§ 1132(a)(3) and 1140 (against Defendants RAINBOW & MOFFATT)**

26.    Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

27.    Plaintiff was a participant in the ESOP. Defendant MOFFATT terminated and caused RAINBOW to terminate Plaintiff's employment for the purposes of punishing him and interfering with his efforts to obtain documents and information regarding the ESOP to which he was entitled under ERISA and/or to prevent him from exposing the ESOP COMMITTEE DEFENDANTS' fiduciary breaches.

28.    Section 510 of ERISA, 29 U.S.C. § 1140, makes it unlawful for any person to discharge a participant in an employee benefit plan "for the purpose of interfering with the attainment of any right to which such participant may become entitled to under the plan …."

29.    By discharging Plaintiff for the purpose of interfering with his attainment of the right to obtain documents, information, and benefits under the ESOP, Defendant Rainbow and Moffatt have violated § 510 of ERISA.

*ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                                      12
1990466.1

30.     Section 510 of ERISA also provides that "[t]he provisions of § 502 [of ERISA] shall be applicable in the enforcement of this section."

31.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a plan participant may bring an action "(A) to enjoin any act or practice which violates any provision of [Title I of ERISA], or (B) to obtain other equitable relief (i) to redress such violations or (ii) to enforce any provisions of the terms of [Title I of ERISA]."

32.     By virtue of having violated Section 510 of ERISA, Defendants are subject to the relief provided for in Section 502(a)(3) of ERISA, as set forth below.

**SECOND CAUSE OF ACTION**
**Copyright Infringement**
**(against Defendant RAINBOW)**

32.     Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

33.     Plaintiff is and at all relevant times was the copyright owner of certain computer database code, which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Code").

34.     Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Code and to distribute the Copyrighted Code.

35.     Defendant, without the permission or consent of Plaintiff, has used, and continues to use, the Copyrighted Code and has made copies of (*i.e.*, has reproduced) the Copyrighted Code without the permission of the Plaintiff.

36.     Plaintiff is informed and believes and thereon alleges that the foregoing acts of infringement were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

37.     As a result of RAINBOW's infringement of Plaintiff's copyright(s) and exclusive rights under Copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for each of Defendant RAINBOW's acts of infringement, in a total amount to be proven at trial. Plaintiff is further entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

38.     The conduct of Defendant RAINBOW is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant RAINBOW from further infringing Plaintiff's copyrights and ordering Defendant Rainbow to destroy all copies of the Copyrighted Code made in violation of Plaintiff's Exclusive Rights.

39.     Wherefore Plaintiff prays for relief as set forth herein below.

### THIRD CAUSE OF ACTION
### Violations of ERISA, pursuant to ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1)
### (against the ESOP COMMITTEE DEFENDANTS)

40.     Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

41.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a plan fiduciary discharge his or her duties with respect to a plan "solely in the interest of the participants and beneficiaries" (A) for the exclusive purpose of providing benefits to participants and beneficiaries of the plan, (B) with the care, skill,

prudence under the circumstances then prevailing that a prudent person acting in like capacity would use in the conduct of an enterprise of like character and like aims and (D) "in accordance with the documents and instruments governing the plan" so long as those documents are consistent with ERISA.

42.     Pursuant to Article 10, as amended by amendment no. 5 to the ESOP, Mr. ORTEGA was and is a fully vested Participant in the ESOP, as of July 1, 2014. As such, he is was entitled to the full proceeds from the sale of the ESOP's stock in proportion to the amount held in his ESOP account.

43.     The ESOP COMMITTEE DEFENDANTS, as fiduciaries of the ESOP, breached their fiduciary duties under ERISA § 404(a)(1) by failing to follow the terms of Article 10, as amended by amendment no. 5 that Mr. ORTEGA's shares vested as of July 1, 2014, and by using their positions to retaliate against Mr. ORTEGA rather than to act in the best interests of the plan or its participants or as prudent fiduciary in similar circumstances.

44.     As a result of the ESOP COMMITTEE DEFENDANTS' breaches, the stock held in Mr. ORTEGA's ESOP account was improperly forfeited and allocated to the shares of other participants in the ESOP. As a result of these breaches and the sale of the ESOP stock and the distributions, there is no balance in Mr. ORTEGA's account and what were Mr. ORTEGA's shares, and what is his proceeds from the sale, have been improperly distributed elsewhere (including, in part, to members of the ESOP COMMITTEE DEFENDANTS who are also participants in the RAINBOW ESOP).

45.     Mr. ORTEGA has been harmed by having his ESOP account divested and being denied the proceeds from the sale of his stock.

46.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Mr. ORTEGA is entitled to appropriate equitable relief to redress Defendants' breach.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CAUSE OF ACTION**
**Pendant State Claim for Breach of Oral Agreements**
**(against Defendant RAINBOW)**

47.     Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

48.     Defendant RAINBOW and Plaintiff entered into an oral agreement whereunder Plaintiff, on his own time and using exclusively his own equipment, and separately acquired skills and expertise, would generate relational database code (the "Code) for the benefit and use of RAINBOW, and RAINBOW would, upon delivery of the Code, compensate Plaintiff for his time expended. In consideration of which, Plaintiff generated said Code.

49.     Upon delivery of the Code, RAINBOW and plaintiff agreed that, if RAINBOW implemented and used the Code for one year, that RAINBOW would compensate Plaintiff both for the time already expended, and for the value of the Code itself. In consideration of which, Plaintiff installed and implemented the Code on RAINBOW's computer system.

50.     Plaintiff did all things required of him pursuant to the agreement, and satisfied all conditions of said agreement.

51.     Defendant RAINBOW breached the agreement by failing to Pay Plaintiff anything for the reasonable value of the time and services he expended to generate the Code, and by then using the Code for one year and failing to pay plaintiff anything for the reasonable value of the Code.

52.     Wherefore Plaintiff prays for relief as set forth herein below.

*ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                      16
1990466.1

1
2
3

**FIFTH CAUSE OF ACTION**
**Pendant State Claim for Promissory Estoppel**
**(against Defendant RAINBOW)**

4
5

53.    Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

6
7

54.    RAINBOW promised to pay Plaintiff for the time he spent generating relational database code (the "Code").

8
9

55.    Subsequently, RAINBOW also promised to pay Plaintiff for the reasonable value of the Code itself if RAINBOW used the Code for a year.

10

56.    Plaintiff reasonably relied on RAINBOW's promises.

11
12
13
14

57.    In reasonable reliance on RAINBOW's promises, Plaintiff provided approximately 500 hours of coding time, on his own time, and also delivered the Code thus generated into the custody and for the temporary benefit of RAINBOW.

15
16

58.    As a direct and proximate result, Plaintiff has been injured in an amount to be proven at trial.

17

59.    Wherefore Plaintiff prays for relief as set forth herein below.

18
19
20

**SIXTH CAUSE OF ACTION**
**Pendant State Claim for *Quantum Meruit***
**(against Defendant RAINBOW)**

21
22
23

60.    Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

24
25

61.    Defendant RAINBOW requested that Plaintiff generate the code for a relational database ("Code") for the benefit of Defendant Rainbow.

26

62.    Plaintiff generated the Code for the benefit of Defendant Rainbow,

27
28

*ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                                    17
1990466.1

and delivered it as requested.

63.   Defendant Rainbow has not paid Plaintiff for the Code.

64.   The Code has an ascertainable value that is subject to proof at trial.

65.   Wherefore Plaintiff prays for relief as set forth herein below.

### SEVENTH CAUSE OF ACTION
**Pendant State Claim for Malicious Prosecution**
**(against Defendant RAINBOW)**

66.   Plaintiff realleges and incorporates by reference all allegations contained in the prior paragraphs hereof, as if fully stated herein.

67.   RAINBOW was actively involved in bringing and continuing a civil lawsuit against Plaintiff because it caused its attorney to file the lawsuit and Defendant RAINBOW brought the lawsuit. Defendant RAINBOW actively continued the lawsuit at the October 24, 2014 hearing, and RAINBOW submitted declarations that they knew or should have known to be false;

68.   The lawsuit ended in Plaintiff's favor with a judicial determination that RAINBOW had failed even to make a *prima facie* case.

69.   No reasonable person in Defendants' circumstances would have believed that there were reasonable grounds to bring the lawsuit against Plaintiff and his brother because the only evidence gathered and presented to substantiate Defendants' claims was fabricated or gathered under duress. Both before and after the hearing, numerous RAINBOW employees informed JESSE ORTEGA that they had been pressured by RAINBOW executives to give false testimony against JESSE ORTEGA.

70.   In doing the things herein alleged, Defendant RAINBOW acted primarily for the purpose of harassing Plaintiff and retaliating against him for what Defendants perceived to be his role in trying to gather information on the

*ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                                    18
1990466.1

1    ESOP and its sale, purposes that are other than succeeding on the merits of the

2    claim;

3        71.    As a direct and proximate result of Defendants' conduct alleged

4    herein, Plaintiff was harmed.

5        72.    Defendants' conduct was a substantial factor in bringing about

6    Plaintiff's harm.

7        73.    Defendant's conduct was willful, intentional, malicious, and

8    oppressive, so as to warrant an award of punitive and exemplary damages in an

9    amount sufficient to punish Defendants for their conduct and to deter them and

10   others from engaging in similar conduct in the future.

11       74.    Wherefore Plaintiff prays for relief as set forth herein below.

12

13                           **PRAYER FOR RELIEF**

14   WHEREFORE, Plaintiff prays for an order and judgment as follows:

15   ***Under The First Cause of Action (ERISA § 510):***

16       A.    Declaring illegal the act of terminating the employment of Plaintiff;

17       B.    Ordering that Plaintiff be reinstated as an employee, retroactive to

18   his date of discharge, with all the pay and benefits that he would have received

19   had Plaintiff not been discharged from employment;

20       C.    Ordering that Plaintiff be reinstated as a participant in the Plan, that

21   Plaintiff's ESOP's account be restored and/or that he receive the proceeds from

22   the sale of his ESOP account;

23       D.    Ordering that Plaintiff be restored to the position that he would

24   have been in had Defendant RAINBOW not discharged him from employment,

25   including, but not limited to, disgorgement of all profits and benefits obtained

26   by Defendant RAINBOW as a result of its discharge of Plaintiff;

27

28   *ORTEGA v. RAINBOW, 15-CV-669*
     COMPLAINT                              19
     1990466.1

E.      Ordering pursuant to ERISA § 206(d)(4) that any amount to be paid to Plaintiff's ESOP account or necessary to restore Plaintiff's ESOP account can be satisfied by using or transferring MOFFATT's account in the Plan to the extent of his liability;

F.      Awarding Plaintiff his reasonable attorney's fees and costs incurred herein pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

G.      Ordering Defendants be required to pay the greater of the disgorgement of any profits earned or pre-judgment interest.

**_Under The SECOND Cause of Action (Copyright Infringement):_**

H.      Enjoining and prohibiting further reproduction, distribution, or use of the Copyrighted Code, and requiring Defendant RAINBOW to destroy any and all copies it has made of the Copyrighted Code;

I.      Awarding statutory damages for each infringement of the Copyrighted Code pursuant to 17 U.S.C. § 504;

J.      Awarding Plaintiff his costs and reasonable attorney's fees and costs incurred herein pursuant to 17 U.S.C. § 505.

**_Under the THIRD Cause of Action (ERISA 404(a)(1)):_**

K.      Declaring that Plaintiff's account in the RAINBOW ESOP vested on July 1, 2014;

L.      Declaring that the ESOP COMMITTEE DEFENDANTS breached their fiduciary duties in failing to treat Plaintiff's account in the Rainbow ESOP as vested and taking actions designed as an ineffective and misguided attempt to treat his shares as not having vested;

M.      Ordering that Plaintiff's vested ESOP shares be restored and that Plaintiff be provided with the full proceeds from the sale of his shares and/or that a surcharge be imposed against the RAINBOW ESOP COMMITTEE

1  DEFENDANTS to provide Plaintiff with the proceeds from the sale of his shares.

2       N.     Ordering and requiring the ESOP COMMITTEE DEFENDANTS to

3  disgorge any profits earned or to pay pre-judgment interest, whichever is

4  greater.

5       O.     Ordering, pursuant to ERISA § 206(d)(4,) that any amount to be

6  paid to or necessary to restore Plaintiff's ESOP account can be satisfied by using

7  the amounts in the ESOP COMMITTEE DEFENDANTS' accounts in the Plan;

8       P.     Removing the ESOP COMMITTEE DEFENDANTS as fiduciaries of

9  the RAINBOW ESOP and permanently enjoining them from serving as the

10  fiduciary of any ERISA-covered plan in which Plaintiff is a participant or

11  beneficiary.

12       Q.     Awarding Plaintiff his reasonable attorney's fees and costs incurred

13  herein pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

14  **_Under the FOURTH Cause of Action (Breach of Oral Agreement):_**

15       R.     Awarding Plaintiff the reasonable value of the time he expended

16  generating the Copyrighted Code;

17       S.     Awarding Plaintiff the reasonable value of the Copyrighted Code;

18       T.     Ordering Defendant Rainbow to place Plaintiff in the position he

19  expected to placed in at the time he entered into the Agreement with Defendant

20  Rainbow.

21  **_Under the FIFTH Cause of Action (Promissory Estoppel):_**

22       U.     Awarding Plaintiff the reasonable value of the time he expended

23  generating the Copyrighted Code;

24       V.     Awarding Plaintiff the reasonable value of the Copyrighted Code.

25  **_Under the SIXTH Cause of Action (Quantum Meruit):_**

26       W.     Awarding Plaintiff the reasonable value of the time he expended

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
COMPLAINT                21

1    generating the Copyrighted Code;

2        X.    Awarding Plaintiff the reasonable value of the Copyrighted Code.

3    ***Under the SEVENTH Cause of Action (Malicious Prosecution):***

4        Y.    Awarding Plaintiff the reasonable costs and attorneys fees he

5    incurred in the defense of Defendants' meritless Restraining Order action;

6        Z.    Awarding Plaintiff damages for his emotional pain and suffering;

7        AA.    Awarding Plaintiff punitive and exemplary damages;

8    ***Under All Causes of Action:***

9        BB.    All such other relief as the Court deems appropriate and equitable.

10    DATED this 27th day of April 2015.

11

12                                        CREITZ & SEREBIN LLP

13                                        COHEN MILSTEIN SELLERS & TOLL PLLC

14

15                                        By     /s/ Joseph A. Creitz
16                                            Joseph A. Creitz
                                             Attorneys for Plaintiff Jesse Ortega
17

18

19

20

21

22

23

24

25

26

27

28    *ORTEGA v. RAINBOW, 15-CV-669*
      COMPLAINT                        22
      1990466.1

1

2                                        **JURY DEMAND**

3          Plaintiff hereby demands a jury trial on his Second, Fourth, Fifth, Sixth,

4   and Seventh Causes of Action.

5          DATED this 27th day of April 2015.

6

7                                        CREITZ & SEREBIN LLP

8                                        COHEN MILSTEIN SELLERS & TOLL PLLC

9

10

11   By____/s/ Joseph A. Creitz_____
                                             Joseph A. Creitz
12                                           Attorneys for Plaintiff Jesse Ortega

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  *ORTEGA v. RAINBOW, 15-CV-669*
    COMPLAINT                                23
    1990466.1