# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN (SANTA ANA) DIVISION

| | |
|---|---|
| JESSE ORTEGA, an individual, | CASE NO. SA CV 15-669-JFW (FFMx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| RAINBOW DISPOSAL CO., INC., a corporation; GERALD MOFFATT, JON BLACK, BILL EGGLESTON and CATHERINE ELLINGSEN, | |
| Defendants. | |

1. <u>PURPOSES AND LIMITATIONS</u>.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>.

2.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "Confidential" information or items shall be limited to those materials that contain or constitute information that is subject to protection under the Federal Rules of Civil Procedure and falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial or other sensitive business information that the party has maintained as confidential; (d) medical information concerning any individual other than the Receiving Party; (e) personal identity information other than the Receiving Party; (f) personal income tax returns (including attached schedules and forms), W-2 forms and 1099 forms other than the Receiving Party's; or (g) personnel or employment records of a person who is not a party to the case. The "Confidential" designation shall not include any material that has been placed in the public domain and/or has been made available as a matter of public record.

2.3     Counsel (without qualifier): Outside Counsel and Inside Counsel (as well as their support staffs).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7     "Highly Confidential – Attorneys' Eyes Only" information or items shall be limited to extremely sensitive "Confidential" information or items the disclosure of which to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.8     Inside Counsel: attorneys who are employees of a Party.

2.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and inside and outside counsel (and their support staff).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE.

The protections conferred by this Stipulated Protective Order cover Protected Material (as defined above), and any Protected Material copied or extracted therefrom, as well as all summaries and compilations thereof that reveal Protected Material. This Stipulated Protective Order does not address evidence presented in open court or at trial, which will then be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

4. DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing that those obligations do not apply or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL.

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation and is producing new versions of the documents with the proper designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order is to be clearly so designated before disclosure or production.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the Receiving Party has identified the material it wants copied and produced, the Producing Party must determine which material, or portions thereof, qualify for protection under this Order, then, before producing the specified material, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page or item that contains Protected Material.

(b) <u>For redacted material</u>:  In the event that a Producing Party redacts any information from a document, the redacted material shall be labeled "REDACTED" so that it is clear where, or the location where the information was redacted. Contemporaneous with the production of any redacted material, the Producing Party will provide a redaction log providing sufficient information about the redacted material for the Receiving Party to make an informed determination of whether or not to challenge the propriety of each redaction.

(c) <u>for testimony given in deposition or in other proceedings outside of open court or trial</u>, unless all parties agree on the record at the time the deposition testimony is

taken, all deposition testimony taken in this case shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information until expiration of the tenth day after the deposition. If any Party or Non-Party believes that specific portions of the deposition testimony should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party shall have a right for up to ten days after the date of the deposition to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are designated for protection within the ten days shall be covered by the provisions of this Stipulated Protective Order. The Designating Party shall be required to provide notice to the court reporter detailing those sections of the deposition transcript that are being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent feasible, the court reporter shall separate those sections before producing an official transcript and shall produce the pages designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a separately bound section. If this is not feasible or if the official transcript has already been completed, then the notice from the Designating Party shall be affixed by the court reporter to the official transcript provided to any party. All parties may agree to waive the ten-day designation period to enable disclosure of the transcript, or portions thereof, to their clients or for use of the transcript, or portions thereof, for non-confidential court filings before the ten day period has expired. The parties agree not to withhold agreement unreasonably.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, provided that the Designating Party shall make any such corrective efforts that are reasonably feasible.

Nothing in this Stipulated Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, whether such production constitutes waiver of privilege or work product protection will be governed by Rule 502(b) of the Federal Rules of Evidence.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

6.1 <u>Timing of Challenges</u>. Any Party or Non Party may challenge a designation of Confidentiality, or any redaction, at any time unless the delay has caused the Designating Party's confidentiality designation substantial unfairness.

6.2 <u>Meet and Confer</u>.  The dispute resolution process shall be governed by Local Rule 37.1 and this Order. Upon receipt of a Challenging Party's written notification that it challenges a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or challenge a redaction, in accordance with this Section 6.2 following a Local Rule 7-3 conferral (if applicable), the Designating Party will have ten days within which to negotiate a resolution with the Challenging Party or submit to the Court a letter brief, in accordance with Section 6.3, seeking to uphold the designation or redaction. If the Designating Party does not submit such a letter brief within the designated period, any challenged documents designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" will automatically lose their "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, and any challenged documents designated "CONFIDENTIAL" will lose the "CONFIDENTIAL" designation, and any claims supporting a redaction will be deemed waived and the unredacted version of the subject document will be immediately produced.

6.3 <u>Judicial Intervention</u>. A Designating Party that elects to seek to maintain a confidentiality designation after receiving a Challenging Party's written notice in accordance with Section 6.2 shall submit a letter brief to the Court and the Challenging Party. The Challenging Party shall have seven days from the date the Designating Party submits its letter brief to submit a responsive letter brief, if any, and the Designating Party shall have three days from the date the Challenging Party submits its letter brief to submit a reply letter brief, if any.

In connection with any letter briefs submitted under this provision, the Designating Party shall bear the burden of establishing that the material in question is entitled to the confidentiality designation sought by the Designating Party, or that the challenged redaction is proper.

All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge or the Designating Party has waived or withdrawn the confidentiality designation.

7. <u>ACCESS TO AND DISCLOSURE OF PROTECTED MATERIAL</u>.

7.1 <u>Basic Principles</u>. A Receiving Party may disclose Protected Material that is produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle or enforce a judgment from this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Individual Parties and employees of a corporate party or a corporate Party's affiliate to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary; provided, however, that each such witness given access to such materials shall be advised that such materials are being disclosed pursuant to and are subject to the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms. If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but has not yet been prepared, pages or depositions that reveal Protected Material must, to the extent possible, either be separately bound by the court reporter or clearly designate the beginning and end of testimony that constitutes

1  Protected Material, and may not be disclosed to anyone except as permitted under this
2  Stipulated Protective Order;

3        (g) a person who authored the document, who received or the possessed the
4  document unconnected to this litigation, or who had knowledge about or possessed the
5  Confidential Information unrelated to this litigation; provided, however, that any such
6  person must sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

7        (h) any current employee of a corporate party or a corporate party's affiliate who
8  was an author or recipient of a document or that the content of the document suggests
9  was involved in preparing the document or in the subject matter of the document;
10 provided, however, that any such person must sign the "Agreement to Be Bound by
11 Protective Order" (Exhibit A);

12       (i) any mediator or settlement officer, and their supporting personnel, mutually
13 agreed upon by any of the parties engaged in settlement discussions; or

14       (j) as agreed by the Designating Party or ordered by the Court.

15       7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
16 Information or Items. Unless otherwise ordered by the Court or permitted in writing by
17 the Designating Party, a Receiving Party may disclose any information or item
18 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19       (a) the Receiving Party's Counsel, as well as employees of said Counsel to whom
20 it is reasonably necessary to disclose the information for this litigation;

21       (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably
22 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by
23 Protective Order" (Exhibit A),

24       (c) the Court and its personnel;

25       (d) court reporters, their staffs, and professional vendors to whom disclosure is
26 reasonably necessary for this litigation;

27
28

(e) the original author of, the original source for the information within, or an original recipient of a document; provided, however, that any such person must sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during depositions, a witnesses who was an author or recipient of the document, is or was a custodian of the document or that the content of a document suggests or testimony establishes was involved in preparing the document or had knowledge of the Highly Confidential Information; provided, however, that each such witness given access to such materials shall be advised that such materials are being disclosed pursuant to and are subject to the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms. If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but has not yet been prepared, pages or depositions that reveal Protected Material must, to the extent possible, either be separately bound by the court reporter or clearly designate the beginning and end of testimony that constitutes Protected Material, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; or

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 Outside Counsel and Experts. Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed within the scope of prosecuting, defending, and/or settling this case.

7.5 Parties' Own Confidential Information. Nothing in this Order shall limit a Party's ability to use or disclose its own Protected Material; however, use by a Party of its own Protected Material, including in this litigation, in a manner that does not

1  maintain the confidential nature of the information can cause the Material to lose its

2  status as Protected Material in this litigation.

3  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

4     <u>OTHER LITIGATION</u>.

5       If a Receiving Party is served with a valid discovery request, subpoena or an

6  order issued in other litigation that would compel disclosure of any information or items

7  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

9  Party, in writing promptly. Such notification must include a copy of the subpoena or

10  court order.

11       The Receiving Party also must promptly inform in writing the Non-Party who

12  caused the subpoena or order to issue in the other litigation that some or all the material

13  covered by the subpoena or order is the subject of this Stipulated Protective Order.  In

14  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

15  promptly to the Party in the other action that caused the subpoena or order to issue.

16       The purpose of imposing these duties is to alert the interested parties of the

17  existence of this Protective Order and to afford the Designating Party in this case an

18  opportunity to try to maintain its confidentiality interests in the court from which the

19  subpoena or order issued. The Designating Party shall bear the burdens and the

20  expenses of seeking protection in that court relative to its confidential material – and

21  nothing in these provisions should be construed as authorizing or encouraging a

22  Receiving Party in this action to disobey a lawful directive from another court.

23  9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN</u>

24     <u>THIS LITIGATION</u>.

25       (a) The terms of this Order are applicable to information produced by a Non-Party

26  in this action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY" by a Non-Party. Such information produced by Non-

28  Parties in connection with this litigation is protected by the remedies and relief provided

by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. FILING PROTECTED MATERIAL.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

12. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action (including all appeals and collection actions), each Receiving Party must return all Protected Material to the Producing Party or destroy it. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request of the Designating Party, the Receiving Party must submit a written certification to the Producing Party's Outside Counsel (and, if not the same person or entity, to the Designating Party's Outside Counsel) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material except as permitted herein. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all Protected Material, including pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition exhibits, trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13. <u>MISCELLANEOUS</u>.

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Control of Documents</u>. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order (Exhibit A) for a period of three years after the termination of the case.

**IT IS SO ORDERED.**

Dated: __12/23/15_                    __/S/ Frederick F. Mumm_____
                                      HON. FREDERICK F. MUMM
                                      United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Ortega v. Rainbow Disposal Co., Inc., et al,* Case No. SA CV 15-669-JFW (FFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____